# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CRIMINAL ACTION NO. 1:15-CR-00002-GNS-HBB

**BARAA FADIL ALDABSE**                                    **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                              **RESPONDENT/PLAINTIFF**

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### INTRODUCTION

Movant/Defendant Baraa Fadil Aldabse filed *pro se* a motion to vacate under 28 U.S.C. § 2255 or, in the alternative, petition for writ of error coram nobis (DN 58). The District Judge ruled that Aldabse's filing must be considered a § 2255 motion, not a petition for writ of error coram nobis, because Aldabse, who is serving out a period of supervised release, is considered "in custody" for the purposes of § 2255 (DN 59).[1]

Respondent/Plaintiff United States of America filed a response primarily arguing the Court should dismiss Aldabse's § 2255 motion as untimely under § 2255(f)(1) (DN 66). Aldabse filed a reply contending his § 2255 motion is timely under § 2255(f)(4) (DN 67). Pursuant to an order (DN 68), the United States and Aldabse filed supplemental argument addressing whether Aldabse's § 2255 motion is timely under § 2255(f)(4) (DN 69, 70).

---

[1] The District Judge has referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 59).

This matter is ripe for recommendation.  For the reasons set forth below, the undersigned recommends that Aldabse's § 2255 motion be dismissed as untimely and the Court not issue a Certificate of Appealability.

BACKGROUND

On December 12, 2014, Detective Elhubishi of the Bowling Green Police Department (BGPD) received information that Aldabse, owner of the Noor Market on Old Morgantown Rd. in Bowling Green, KY, was selling packages of synthetic cannabinoids from his business (DN1 Affidavit).  Based on this information, a search warrant was obtained and executed at Noor Market (Id.).  During execution of the search warrant, several packages of synthetic cannabinoids were seized (Id.).  Aldabse was at his residence and voluntarily accompanied officers to Noor Market (Id.).  Upon arrival at Noor Market, Detective Elhubishi advised Aldabse of his Miranda rights (Id.).  Aldabse waived his Miranda rights and agreed to speak with Detective Elhubishi (Id.).  Aldabse admitted that he had been selling synthetic cannabinoids from his business (Id.).  Aldabse denied that he had any additional packages of synthetic cannabinoids at his residence (Id.).

Aldabse offered to let Detective Elhubishi search his residence (Id.).  Aldabse was transported back to his residence located in Bowling Green, Kentucky (Id.).  Upon arrival at his residence, Aldabse gave consent for the officers to search his two vehicles in the driveway and his residence (Id.).  Officers did not find any contraband during their search of both vehicles (Id.).  Before they entered the residence, Aldabse advised Detective Elhubishi that "in a bedroom closet, you'll find a sprayer rifle" (Id.).  When asked what he meant, Aldabse explained "it shoots a lot of bullets" (Id.).  Officers located an SKS rifle in the closet of the back bedroom (Id.).  Lying on top of the rifle was a loaded magazine containing 20 rounds of 7.62 x 39 ammunition (Id.).  Officers

2

also located a sawed-off shotgun next to the SKS rifle (Id.).  The sawed-off shotgun is described as a Harrington Richardson Model Topper 158, .16-gauge, single shot shotgun, having a barrel length of 9 ¼ inches and an overall length of 14 inches with no visible serial number (Id.).  Officers located 20 Remington .16-gauge shotgun shells next to the sawed-off shotgun (Id.).  Additionally, officers located a black bag that contained 272 rounds of 7.62 x 39 ammunition (Id.).  Officers seized both firearms and all ammunition (Id.). Officers did not find any synthetic cannabinoids inside the residence (Id.).

Detective Elhubishi arrested Aldabse for trafficking in synthetic drugs, second offense (Id.).  On December 15, 2014, a criminal history check revealed that Aldabse had a previous conviction in the Warren District Court, assault 4th degree, domestic violence (spouse) minor injury (Id.).

On February 11, 2015, a grand jury in the Western District of Kentucky issued a two-count indictment against Aldabse (DN 12).  The first count charged Aldabse, a person who had been convicted of a misdemeanor crime of domestic violence, with knowingly possessing the two firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Id.).  The second count charged Aldabse with knowingly possessing the single-shot shotgun with an overall length of less than 26 inches and a barrel length of less than 18 inches, bearing no visible serial number, that was not registered to Aldabse in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. § 5841, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Id.).

On August 25, 2015, Aldabse entered into a plea agreement with the United States (DN 38).  Aldabse agreed to enter a plea of guilty to both charges in the indictment and the United States agreed that a sentence of 37 months imprisonment followed by three years of supervised

3

release is the appropriate disposition of the case (Id.).  Notably, the plea agreement included an express warning to Aldabse that pleading guilty to the charges "may lead to adverse immigration consequences, including possible automatic removal from the United States" (Id. Page ID # 79). Immediately above Aldabse's signature is an attestation that he has read the plea agreement, "carefully reviewed every part of it with my attorney", "I fully understand it", and "I voluntarily agree to it" (Id. Page ID # 85).

On August 25, 2015, the District Judge conducted the change of plea hearing (DN 63 Transcript).  The District Judge engaged in the following colloquy with Aldabse and his appointed counsel:

> THE COURT:  Do you understand that your plea of guilty may affect your residency or your status with the immigration authorities?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  And, Mr. Harden, have you counseled with Mr. Aldabse to discuss with him any possible ramifications this guilty plea may have upon his residency or status in the United States?
> MR. HARDIN:  Yes, sir, we have discussed that.
> THE COURT:  And, in particular, what counsel have you provided to him?
> Mr. Harden:  I have advised him that any time a non-citizen gets a criminal charge, there can be repercussions from immigration. Nobody knows with certainty whether they're going to do anything or not.  Obviously he was incarcerated for several months earlier this year, and no detainer was ever filed.  What happens at this point, only they know.  I've told them that.
> THE COURT:  And that your understanding, Mr. Aldabse?
> THE DEFENDANT:  Yes, sir.

(DN 63 PageID # 210-11).[2]  Aldabse entered a plea of guilty to Counts I and II of the indictment, pursuant to a Rule 11(c)(1)(C) plea agreement (DN 41).

---

[2] An interpreter was present during the hearing to interpret from English to Arabic and from Arabic to English (DN 39, 41).

On January 12, 2016, the District Judge sentenced Aldabse to 37 months imprisonment as to each count in the indictment, to be served concurrently, for a total term of 37 months imprisonment followed by three years of supervised release (DN 47 PageID # 139-40). The judgment was entered on January 15, 2016 (DN 47).

On October 1, 2018, Aldabse filed his motion to vacate (DN 58). Aldabse claims he was denied his Sixth Amendment right to effective assistance of trial counsel because counsel did not advise him of the immigration consequences associated with his guilty plea (DN 58 citing Padilla v. Kentucky, 559 U.S. 356 (2010)). Aldabse indicates upon completion of his 37-month sentence Immigration and Customs Enforcement (ICE) took him into custody for deportation because he pled guilty to the firearm charge (18 U.S.C. §§ 922(g)(9) and 924(a)(2)) which is an aggravated felony subject to mandatory deportation (DN 58 citing 8 U.S.C. § 1227(a)(2)(A)(iii)). Aldabse would like his conviction vacated (DN 58).

CONCLUSIONS OF LAW

The United States argues the Court should dismiss Aldabse's § 2255 motion as untimely under § 2255(f)(1) (DN 66). It explains that Aldabse's conviction became final on January 29, 2016, and he had one-year to file his motion to vacate (Id. PageID # 244-45). The United States points out that Aldabse did not file his motion to vacate until October 1, 2018 (Id.).

Aldabse contends his § 2255 motion is timely because § 2255(f)(4) applies (DN 67 PageID # 268-71). He contends the Court must use the date on which the facts supporting his ineffective assistance of trial counsel (IATC) claim could have been discovered through the exercise of due diligence (Id.). Aldabse allegedly received no advice from trial counsel about immigration consequences before entering his plea (DN 58 PageID # 175, 181-82; DN 67 PageID # 268-71).

5

Aldabse purportedly discovered he was subject to mandatory deportation after he completed his sentence on July 17, 2018, and ICE took him into custody (Id.).

There is a one-year statute of limitations that applies to motions to vacate filed by persons in custody pursuant to a federal court judgment. 28 U.S.C. § 2255(f). Specifically, the statute of limitations reads as follows:

> (f)    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

The undersigned will begin by applying § 2255(f)(1) to the facts of the case. Generally, a conviction becomes final upon conclusion of direct review. *See* Sanchez–Castellano v. United States, 358 F.3d 424, 426 (6th Cir.2004) (citing United States v. Cottage, 307 F.3d 494, 498 (6th Cir.2002)). However, when a federal criminal defendant does not pursue a direct appeal, the judgment becomes final upon the expiration of the period in which the defendant could have filed the notice of appeal. Johnson v. United States, 457 F. App'x 462, 464-65 (6th Cir. 2012).

6

Here, entry of judgment occurred on January 15, 2016 (DN 47).  The judgment became final 14 days later, on January 29, 2016, because Aldabse did not file a notice of appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Aldabse's one-year period of limitation under § 2255(f)(1) expired on January 29, 2017.  But Aldabse filed his 2255 motion on October 1, 2018, a year and eight months after his period of limitation under § 2255(f)(1) expired.  Thus, Aldabse's motion to vacate is time barred if the Court applies § 2255(f)(1) to the case.

The undersigned will now apply § 2255(f)(4) to the facts of the case.  Aldabse alleges he was denied his Sixth Amendment right to effective assistance of trial counsel because counsel did not advise him of the immigration consequences associated with his guilty plea.  Aldabse asserts that it was not until he completed his prison sentence on July 17, 2018, and ICE took him into custody that he discovered he was subject to mandatory deportation because he pleaded guilty to the firearm charges.  But his assertion is plainly belied by the record.  The plea agreement that Aldabse executed on August 25, 2015, included an express warning that pleading guilty to the charges "may lead to adverse immigration consequences, including possible automatic removal from the United States" (DN 38 PageID # 79).  During the change of plea hearing, the District Judge expressly asked Aldabse if he understood that his plea of guilty may affect his residency or his status with the immigration authorities (DN 63 PageID # 210).  Aldabse, while under oath, responded in the affirmative (Id.).  Moreover, at the District Judge's request, trial counsel discussed the advice he provided to Aldabse concerning repercussions he may experience from the immigration authorities (Id. PageID # 210-11).  Notably, Aldabse confirmed that was his understanding (Id.).

7

Most circuit and district courts facing similar factual situations have pegged the change of plea hearing date as the time when the one-year period under § 2255(f)(4) begins to run. *See e.g.,* Clarke v. United States, 703 F.3d 1098, 1099-1100 (7th Cir. 2012) (date of guilty pleas was deemed the date that the duty of diligent inquiry arose); Superville v. United States, 284 F. Supp. 3d 364, 371-72 (E.D. N.Y. 2018) (noting that most courts have held a duly diligent petitioner would discover an IATC claim if and when he was advised of possible deportation during a plea colloquy); United States v. Rodriguez-Trujillo, No. 4:11-CV-00593-BLW, No. 4:08-CR-00240-BLW, 2013 WL 1314247, at *3 (D. Idaho Mar. 28, 2013); Tavira v. United States, No. 8:11-CV-1010-T-27 TGW, No. 8:09-CR-453-T-27 TGW, 2011 WL 5975817, at * 1-3 (M.D. Fla. Nov. 28, 2011); Gacko v. United States, No. 09-CV-4938 (ARR), 2010 WL 2076020, at *2-3 (E.D. N.Y. May 20, 2010); Tacata v. United States, Crim. No. 05-00030 SOM, Civ. No. 07-00008 SOM/LEK, 2007 WL 1303018, at *1-2 (D. Haw. May 2, 2007); Salama v. United States, No. 05CV1257(SJ), 2005 WL. 1661830, at *4-5 (E.D. N.Y. July 15, 2005).[3]  The reasoning of these courts is sound and should be applied here.  Therefore, August 25, 2015, the date of Aldabse's change of plea hearing, is when his duty of diligent inquiry arose under §2255(f)(4).

Even if the Court were to accept Aldabse's claim that he did not understand deportation was mandatory rather than possible under the applicable immigration statutes until ICE took him into custody, he provides no explanation as to why he did not or could not discover this information in the nearly 2 ½ years between entry of the judgment and his being taken into custody by ICE.

---

[3] Aldabse's reliance on Bawaneh v. United States, Nos. CV-10-7805 CAS, CR-0401134 CAS, 2011 WL 1465775, at *2-4 (C.D. Calif. April 18, 2011) is misplaced because Bawaneh asked counsel about deportation, his counsel assured him that if proceedings began he would have a strong argument for canceling the deportation, and the district court's comments during the change of plea hearing appeared to reinforce counsel's misadvice.  Additionally, Aldabse's reliance on Swaby v. United States, 2015 U.S. Dist. LEXIS 112383, at *15-16 (D. Md. Aug. 24, 2015) is misguided because the district court was addressing whether relief was available under a common law writ of error coram nobis. Here, the Court is addressing an entirely different question, whether his § 2255 motion is time-barred.

*See* Superville, 284 F. Supp. 3d at 371-72 (noting that most courts have held a duly diligent petitioner would discover an IATC claim if and when he was advised of possible deportation during a plea colloquy) (citations omitted).  Thus, the date that Aldabse's duty of diligent inquiry arose under §2255(f)(4) is August 25, 2015.  This means that Aldabse's one-year statute of limitations expired on August 25, 2016, and his § 2255 motion is untimely.

The substantial time-lapse between entry of the judgment and his being taken into custody by ICE strongly suggests that Aldabse failed to pursue his rights diligently.  *See* Holland v. Florida, 560 U.S. 631, 649 (2010) (To be entitled to equitable tolling the movant must show he has been pursuing his rights diligently and some extraordinary circumstance prevented a timely filing.). Additionally, he points to no extraordinary circumstance that prevented a timely filing.  Id.  Thus, Aldabse would not be entitled to an equitable tolling.

The final issue is whether a Certificate of Appealability should issue as to the Aldabse's 2255 motion.  Because the undersigned is recommending that the Court reject this 2255 motion on a procedural basis, Aldabse must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The undersigned concludes that no reasonable jurist would find it debatable that Aldabse's 2255 motion is time barred because of the amount of time that passed since his period of limitation expired and the patent inapplicability of 28 U.S.C. 2255(f)(4) to his claim.  Therefore, the undersigned recommends that a Certificate of Appealability not be granted as to Aldabse's 2255 motion to vacate.

RECOMMENDATION

For the foregoing reasons, it is recommended that the Aldabse 's motion to vacate (DN 58) be **DISMISSED** as time barred and that a Certificate of Appealability be **DENIED** as to the motion to vacate.

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:      Baraa Fadil Aldabse, *pro se*
                  Counsel of Record

10