UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:15-CR-00002-GNS-HBB

BARAA FADIL ALDABSE                                              MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                         RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Movant/Defendant's Objection (DN 85) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 71) regarding Movant/Defendant's Motion to Vacate under 28 U.S.C. § 2255 or, in the Alternative, Petition for Writ of Error Coram Nobis (DN 58), and Movant/Defendant's Motion for Leave to Appeal *in Forma Pauperis* (DN 77). For the reasons outlined below, the objection is **OVERRULED**, and the motions are **DENIED**.

**I.  STATEMENT OF CLAIMS**

On August 25, 2015, Movant/Defendant Baraa Fadil Aldabse ("Aldabse") pleaded guilty to knowingly possessing two firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2), and to knowingly possessing a single-shot shotgun with an overall length of less than 26 inches and a barrel length of less than 18 inches, bearing no visible serial number, and not registered to Aldabse in the National Firearms Registration and Transfer Record, as a required by 26 U.S.C. 5841, in violation of 26 U.S.C. §§ 5861(d) and 5871.[1] (Indictment 1-2, DN 12; R&R 3, DN 1). Subsequently, on January 12, 2016, the Court imposed a sentence of 37 months of

---

[1] Aldabse and the United States entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which was accepted by the Court. (Plea Agreement 1, 5, DN 38).

imprisonment for each count to be served concurrently, followed by 3 years of supervised release. (J. & Commitment Order 1, 3, DN 47). Following the completion of his term of incarceration, Immigration and Customs Enforcement took Aldabse into custody, and he is awaiting deportation. (R&R 5).

On October 1, 2018, Aldabse moved to vacate his conviction on the basis that he received ineffective assistance of trial counsel in violation of his Sixth Amendment rights. (Def.'s Mot. Vacate 2, 8-9, DN 58). In particular, Aldabse contends that his attorney failed to advise him of the potential immigration consequences of his guilty plea in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010). (Def.'s Mot. Vacate 2-4).

## II.     **STANDARD OF REVIEW**

This Court reviews de novo the portions of the R&R to which objections have been filed, and the Court may accept, reject, or modify the R&R, in whole or in part. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). While specific objections are entitled to de novo review, "poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *Bardwell v. Colvin*, No. 5:15-CV-00196-GNS-LLK, 2017 WL 5885378, at *1 (W.D. Ky. Jan. 31, 2017) (internal quotation marks omitted) (citation omitted). As the Sixth Circuit has noted, "a general objection to a [magistrate judge's] report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

## III. DISCUSSION

### A. Movant/Defendant's Motion to Vacate

In his objection, Aldabse argues that the Court should consider the merits of his claim because he did not understand that his guilty plea would result in his deportation. (Def.'s Obj. 4-5, DN 58). Thus, he contends that his motion should be treated as timely.

In the R&R, the Magistrate Judge analyzed the timeliness of Aldabse's motion. (R&R 6-9). In relevant part, 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Magistrate Judge correctly noted, the one-year statute of limitations began running on January 29, 2016, because Aldabse's time to appeal directly his conviction commenced on that date.[2] (R&R 7). Therefore, the statute of limitations expired on January 29, 2017. (R&R 7).

In his objection, Aldabse contends that the Court should grant his motion because he was not aware that his guilty plea would result in his deportation, which should excuse the untimeliness of his motion. (Def.'s Obj. 4-5). As the Magistrate Judge noted, the Court's guilty plea colloquy

---

[2] As part of the plea agreement, Aldabse waived the right to appeal his conviction exception for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement 6, DN 38).

included an inquiry into whether Aldabse's counsel had advised him of the immigration consequences of his guilty plea, and Aldabse confirmed that the issue had been discussed. (Change Plea Hr'g Tr. 14:10-15:14, DN 63). After the reviewing Aldabse's arguments, the Court agrees with the Magistrate Judge's recommendation that Aldabse failed diligently to pursue his rights and rejects Aldabse's contention that equitable tolling applies to his motion.

The Magistrate Judge also recommended the denial of a certificate of appealability.[3] A federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or a motion to vacate must satisfy the requirements of 28 U.S.C. § 2253(c), which provides that a certificate of appealability will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). This showing is made when a prisoner establishes that jurists of reason would find it debatable whether the petition or motion states a valid claim of the denial of a constitutional right or, in cases in which the petition is resolved on procedural grounds, jurists could find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is not debatable that Aldabse's motion is time-barred, and the Court will therefore deny a certificate of appealability.

    **B.**    <u>**Movant/Defendant's Motion for Leave to Appeal *in Forma Pauperis***</u>

To appeal *in forma pauperis*, a party must seek permission from the district court under Fed. R. App. P. 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies that an appeal would not be taken in good faith, or

---

[3] Because Movant/Defendant has filed a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. *See Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002) (per curiam).

otherwise denies leave to appeal *in forma pauperis*, the appellant must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

As outlined above, Aldabse's motion is untimely and lacks merit. Accordingly, the Court **CERTIFIES that an appeal would not be taken in good faith**. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that good faith is demonstrated when a petitioner "seeks appellate review of any issue not frivolous"). Accordingly, **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* (DN 77) is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Movant/Defendant's Objection (DN 85) is **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 71) is **ADOPTED**, and Movant/Defendant's Motion to Vacate under 28 U.S.C. § 2255 or, in the Alternative, Petition for Writ of Error Coram Nobis (DN 58) is **DENIED**.

3. A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is **DENIED**.

4. Movant/Defendant's Motion for Leave to Appeal *in Forma Pauperis* (DN 77) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

November 27, 2019

cc: Baraa Fadil Aldabse, *pro se*
counsel of record
U.S. Court of Appeals for the Sixth Circuit (Case No. 19-5959)